CHAMBERS OF
**STEPHANIE A. GALLAGHER**
**UNITED STATES DISTRICT JUDGE**

101 WEST LOMBARD STREET
**BALTIMORE, MARYLAND 21201**
**(410) 962-7780**
Fax (410) 962-1812

September 18, 2019

LETTER TO THE PARTIES

RE:     *Flaubert M., o.b.o. F.W.M., a minor child v. Commissioner, Social Security*
        *Administration*;
        Civil No. SAG-18-3716

Dear Plaintiff and Counsel:

On December 3, 2018, Plaintiff Flaubert M., who appears *pro se* on behalf of his minor son, F.W.M., petitioned this Court to review the Social Security Administration's ("SSA's") final decision to affirm the SSA's reduction in F.W.M.'s monthly Supplemental Security Income ("SSI"). ECF 1. I have considered both parties' motions for summary judgment, and Plaintiff's reply brief. ECF 15, 20, 22. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, and remand the case to the SSA for further evaluation pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

F.W.M. has, for the purposes of SSA, been disabled since February of 2004. Tr. 10, 78. On August 4, 2015, SSA informed Plaintiff that, beginning September 1, 2015, F.W.M.'s benefits would be reduced to $488.67 per month, because he had monthly income from "food or shelter he gets from someone" valued at $260.33 for August 2014 through October 2014, and $264.33 per month thereafter. Tr. 48. Plaintiff filed a request for reconsideration of the recalculation, Tr. 52, and the SSA affirmed its previous determination, Tr. 54-57. An Administrative Law Judge ("ALJ") held a hearing on August 1, 2017, at which Plaintiff and his wife (F.W.M.'s mother) were not represented by counsel. Tr. 107-28. Following that hearing, the ALJ determined that the field office had correctly calculated F.W.M.'s reduction of his monthly SSI payments. Tr. 10-14. The Appeals Council denied Plaintiff's request for review, Tr. 1-3, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the SSA's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings).

Plaintiff makes two primary arguments on appeal: (1) that the ALJ's decision was not supported by substantial evidence because the ALJ assumed that Plaintiff's adult children lived in Plaintiff's home, and (2) that the Appeals Council erred by failing to consider new evidence, including the apartment lease of one of Plaintiff's adult children. ECF 15 at 3-7. I conclude that the ALJ's decision does not explain the legal standards applied in calculating F.W.M.'s monthly benefits, and that, therefore, I cannot review whether substantial evidence supports the ALJ's decision.

As way of background, the SSA periodically recalculates the benefits of SSI recipients. A disabled individual is eligible for SSI benefits if his income and resources do not exceed statutory limits. *See* 20 C.F.R. §§ 416.202, 416.1100, 416.1205. Benefits are adjusted according to the amount of a recipient's income. § 416.1100. For SSA purposes, income is "anything you receive in case or in kind that you can use to meet your needs for food or shelter." § 416.1102. The SSA calculates a claimant's income and resources, and applies rules and guidelines to determine a claimant's monthly benefits. *See* § 416.1104 (providing a general overview of how the SSA counts and values different types of income, including in-kind support and maintenance (food and shelter), and explaining that the value of such income "depends on [the claimant's] living arrangement"); *see also* §§ 416.1120 *et seq.*, 416.1130 *et seq.*, 416.1160 *et seq.* "In some situations [the SSA] may consider the income of certain people with whom [the claimant] live[s]," § 416.1104, and in certain circumstances, the SSA may "deem" another person's income to be the income of the recipient, § 416.1160.

In evaluating Plaintiff's claim, the ALJ considered the only issue presented: "whether the field office correctly calculated the reduction of the claimant's monthly SSI benefit for the purpose of deeming and collection of an overpayment."[1] Tr. 10. The ALJ first outlined some of the SSA's regulations used in the calculation of benefits, including the definitions of income and resources, and the rules governing deeming. Tr. 10-11. The ALJ then considered the question of whether Plaintiff's adult children lived in his home. Tr. 12-13. Importantly, the ALJ did not identify how the adult children's residence affected F.W.M.'s benefits calculation. Lastly, the ALJ summarily concluded that the SSA's calculations of F.W.M.'s benefits were correct. Tr. 13 ("His benefits have been reduced for the purpose of deeming and collection of an overpayment"; "Because of deeming and collection of an overpayment, the claimant was eligible for reduced SSI benefits beginning September 1, 2015.").

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). The deferential standard of review applied to the agency's findings of fact does not apply to conclusions of law or the application of legal standards or procedural rules by the agency. *Wiggins v. Schweiker*, 679 F.2d 1387 (11th Cir. 1982).

---

[1] Plaintiff also raised a complaint about an assessment of overpayment from October 10, 2006. *See* Tr. 17. The ALJ made clear that the overpayment would not be discussed or decided at the hearing, because Plaintiff had not properly appealed that decision. Tr. 111-15.

As to the factual issue of whether Plaintiff's adult children lived in Plaintiff's home, the ALJ's determination was supported by substantial evidence. Plaintiff argues that the SSA's calculations were based on the "faulty and erroneous assumption" that his two adult children continued to live in his home. ECF 15 at 4. However, it is the claimant's burden to produce evidence of his circumstances, including reporting to the SSA when "anyone else moves into or out of his household." Tr. 49 (letter from the SSA to Plaintiff); *see also* 20 C.F.R. § 416.200 (explaining the claimant's responsibility to provide information, documentation, and evidence). In other words, it was Plaintiff's responsibility to show that the two adult children had moved out, and not, as Plaintiff contends, the ALJ's responsibility to show that the two adult children were still living at Plaintiff's home.

At the hearing, Plaintiff testified that his oldest daughter had moved out in 2009, and his second oldest daughter had moved out around April of 2010.[2] Tr. 119. However, as the ALJ noted, Plaintiff reported to the SSA in May of 2010 that there was a child about 22 years old who was not a full-time student, and an 18-year-old who was a full-time student, living in the household. Tr. 13, 65. These ages correspond with the children he now alleges had moved out one month prior. In contrast, Plaintiff did not provide any evidence, beyond his testimony, to show that his children had moved out. Therefore, the ALJ's factual finding that the adult children were living in Plaintiff's house was supported by substantial evidence.

However, Plaintiff's case turns solely on the question of whether the ALJ applied the correct legal standards in determining the amount of F.W.M.'s monthly benefits. The analysis provided by the ALJ fell short of explaining why the presence of Plaintiff's adult children in the home affected F.W.M.'s benefits, and how F.W.M.'s benefits were calculated. The ALJ did not explain her application of the regulations she cited as applicable law in this case. The ALJ also did not cite any case law or other authority to support her conclusion that the SSA's calculations were correct.

On appeal, the Commissioner argues that "because the two adult children were living in the home, in-kind support and maintenance was developed and counted." ECF 20-1 at 5. The Commissioner cites to different rules and regulations than those included in the ALJ's decision. While the ALJ listed the deeming regulations, the Commissioner cited to the SSA Program Operations Manual, and the regulations that discuss the valuation of in-kind support and maintenance. *Id.* The ALJ's decision did not mention either of those sources, and this Court therefore cannot assume that the ALJ considered them. Neither the ALJ nor the Commissioner explained how the rules and regulations they named applied to the calculation of F.W.M.'s benefits.

---

[2] After the hearing, the ALJ mailed a letter to the leasing office manager of the apartment where Plaintiff claimed his two oldest children lived, but it was returned as not deliverable. Tr. 13.

The record does not provide any clarification. For example, there is no information in the record regarding the adult children's income or lack thereof, such as pay stubs or student records. Additionally, there are no explanations for the SSA's calculations.

The SSA's letter detailing F.W.M.'s recalculated monthly benefit stated:

> [F.W.M.] has monthly income which must be considered in figuring his eligibility as follows: The food or shelter he gets from someone. We value the food or shelter at $260.33 for August 2014 through October 2014 and $264.33 for November 2014 on.

Tr. 48. The SSA did not explain how those numbers were calculated – i.e., whether they were based on another person's income, or on the mere presence of other adults or the total number of persons in the home.

The SSA's letter denying Plaintiff's request for reconsideration offered the following explanation for the reduction in F.W.M.'s benefits:

> We are going to deny your Request for Reconsideration because the amount that [F.W.M.] receives has nothing to do with parent's wages. As we spoke over the telephone, it is about you having two of your adult children living with you and the SSI is not to support them it is for [F.W.M.]'s needs because he is disabled.

Tr. 54. Presumably, the first sentence responded to Plaintiff's contention that F.W.M.'s benefits should have been adjusted for Plaintiff's recent unemployment. Tr. 52 (Request for Reconsideration). However, the SSA did not provide further explanation to permit this Court to decipher its second sentence. The ALJ reiterated that "it has already been explained that SSI is for the disabled child, not to support his unemployed family members." Tr. 13. The record, again, does not reveal whether the adult siblings were unemployed.

A review of the ALJ's decision, the Commissioner's argument, and the record leaves this Court uncertain how F.W.M.'s reduced benefits were calculated, what effect Plaintiff's adult children had on those calculations, and what legal principles were applied. Because the ALJ did not explain the method she used to calculate F.W.M.'s benefits, this Court cannot determine whether the calculation was supported by substantial evidence.

In light of the ALJ's inadequate analysis, I need not address Plaintiff's second argument that the Appeal Council erred in its review of Plaintiff's case. In ordering remand for further consideration by the SSA, I express no opinion as to whether the ALJ's ultimate conclusion that the SSA's calculation of F.W.M.'s reduction in benefits is correct.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge